HARRISON W. JACKSON v. CHARLES G. COLLINS.

*Declaration—Fraudulent representation by vendor—Damages.*

When issue has been joined on the facts without demurrer, the declaration cannot be held fatally defective unless inconsistent with any reasonable ground of action.

One who complains that he was induced to buy goods, by defendant's fraudulent statements, cannot prove the acts and sayings of other persons as inducements unless he avers a conspiracy and enumerates the false statements.

A vendor's statements of his opinion as to his stock do not generally stand on the same footing as facts; but they are sometimes

ground of liability in an action for fraud where they are meant and understood on both sides to be relied on.

A purchaser is not negligent who examines the goods at the time of buying as fully as most prudent men would under the same conditions.

Recovery of damages arising from fraudulent representations cannot exceed the amount averred in the declaration, and it is proper to show that in disposing of the property the plaintiff reduced or made good the damages averred.

Error to Marquette. Submitted October 23. Decided October 31.

TRESPASS ON THE CASE. Defendant brings error.

*Ball & Owen* for plaintiff in error. Vendors are not bound by such representations as are known as "sellers' talk," Sugden on Vendors, 3; *Bishop v. Small*, 63 Me., 12; *Miller v. Craig*, 36 Ill., 109; misrepresentations as to matters of opinion are never ground for damages, *Davis v. Meeker*, 5 Johns., 354; *People v. Jacobs*, 35 Mich., 36; Kerr on Fraud, 82. ⟨

*Parks & Mapes* for defendant in error. A vendor's representations as to the condition of goods are material and not mere matter of opinion, 2 Pars. Cont., 778-9; *Picard v. McCormick*, 11 Mich., 68; *Smith v. Countryman*, 30 N. Y., 655; *Simar v. Canaday*, 53 N. Y., 298; *Medbury v. Watson*, 6 Met., 246; *McClellan v. Scott*, 24 Wis., 81; *Mead v. Bunn*, 32 N. Y., 275; *Holman v. Dord*, 12 Barb., 336; and if the facts stated are within the vendor's special knowledge and the purchaser relies on them and is injured thereby, he can bring an action for damages, *Kelley v. Sheldon*, 8 Wis., 258; *Miner v. Medbury*, 6 Wis., 318; *Hammond v. Pennock*, 61 N. Y., 151; and the materiality of the representation is a question for the jury, Story on Sales, § 166; the measure of damages would be the difference between the value of the goods if in the condition stated, and their actual value at the time of purchase, *Hubbell v. Meigs*, 50 N. Y., 491; Sedgwick on Damages, 562; *Stiles v. White*, 11

Met., 356; *Cary v. Gruman*, 4 Hill, 625; *Messenger v. Prat*, 3 Lans., 234; *Sharon v. Mosher*, 17 Barb., 518; *Rawley v. Woodruff*, 2 Lans., 419; *Voorhees v. Earl*, 2 Hill, 288.

CAMPBELL, C. J. Collins sued Jackson in an action on the case for fraudulently inducing him to buy out a stock of goods belonging to his wife for whom he acted as manager, which were not as represented.

Mrs. Jackson had a stock of dry and millinery goods at Marquette, and on the 6th day of November, 1876, she sold them to Collins at five per cent beyond the inventory price, agreeing not to engage in the dry, fancy or millinery goods business in that place for five years, unless the purchaser and his sons meanwhile went out of trade.

The fraud complained of was falsehood in representing that the goods were new, fresh, well selected and salable; that the old goods had mostly been removed to another place and upwards of $8000 of new goods just put in stock, and that the goods had been purchased at the lowest market prices and were worth the prices paid for them. That induced by these representations Collins purchased the stock at $26,043.21.

It was then averred that these representations, repeating them one by one, were false; that the goods were mostly old, shelfworn, ill-selected and unsalable; that several cases of old and unsalable goods had been brought from another store and placed in the stock, and not over $2000 of new goods had been put in, and that the cost of the goods, as inventoried was excessive.

It was alleged that by reason of these misrepresentations the goods could only be sold at a loss, and plaintiff could not meet his obligations, lost his business credit, spent much time in attempting to dispose of the goods, and was deprived of his profits.

He recovered a verdict of $2750, and error is alleged on the rulings.

We cannot discover any such defect in the pleadings

as should prevent a recovery. The declaration we think sets forth a substantial grievance. It cannot be laid down as matter of law that the representations were completely matters of opinion of such a nature that they could not amount to fraudulent statements, and any defect in fullness of averment should have been pointed out by demurrer. When issue is joined on the facts, the declaration cannot be held fatally defective unless inconsistent with any reasonable ground of action.

It is nevertheless important to bear in mind, in view of the testimony, that it does not set forth the agreement not to carry on business; that it does not aver any conspiracy; that it sets out no representations of the value or extent of the business previously, and does not aver the goods did not cost the inventory price. In other words it does not set out all the transactions, but confines the cause of grievance to the particulars named.

Evidence was allowed of various acts and sayings of one W. P. Town and of Mrs. Jackson, as having been inducements to purchase. We do not think them admissible. Plaintiff chose to plant himself on particular statements of Jackson. While there is testimony which has some bearing on the supposed privity of the three parties complained of, some of these statements, which were very material, were different assurances, of facts which were important, but which are not complained of. Unless the injury resulted from the frauds set forth in the declaration, there can be no recovery. The conspiracy or agency should have been averred, and the falsehoods enumerated. It is probable the purchase was seriously influenced by the statements not averred, some of which are claimed to have been false and some are not so proven. The jury could not give damages unless satisfied the bargain would not have been concluded if no statements had been falsely made except those declared on.

We do not think there is any material error in the rulings concerning the effect of statements of opinion on fraud. Opinions on matters equally open to both par-

ties cannot be regarded as entitling any one to rely upon them, unless so made as to intentionally deceive by putting a person off his guard, and inducing him to act upon them. The general rule is that they do not stand on the same footing as facts. But sometimes they are meant and understood on both sides to be relied upon to determine action. Where this is so they are properly held to be grounds of liability.

It is certainly possible for the owner of a stock of goods to deceive a buyer who could by examining each parcel by itself avoid being deceived. All such transactions must be looked at reasonably, and no one should be held negligent who makes all the use of his own faculties and opportunities called for by the occasion. No rule can adequately define all the circumstances in which representations either of fact or of opinion may become fraudulent and actionable. One who is as prudent on the particular occasion as most prudent men would be, and is nevertheless cheated, can hardly be held negligent. The law encourages diligence and requires all persons to look after their own interests, but it does not hold out any inducement to rogues to practice any sort of fraud with impunity.

It would be likely that a merchant must know more about the proportion of new and old goods in his store, and their merchantable quality, than any one else could get in advance of taking an inventory, and even then if the purchaser could not conveniently handle and examine all. And for the same reason he may be expected to know how closely he has purchased. The circumstances of the transaction will have more or less weight in determining the duties of both parties in using their judgment and making statements. How far the talk which dealers and purchasers exchange on such occasions should be treated as banter or held to be serious must usually be rather matter of fact than of law. A very large allowance must usually be made for customary exaggerations.

It is not very easy to determine from the bill of exceptions how far the inventory taken in the following spring could have aided in throwing light on the character of the stock in the preceding fall. We cannot say it was not admissible, although without some evidence accounting for the condition and changes of the stock in the mean time, it would be of no value.

We think the court did not instruct the jury properly on the matter of damages, and that some testimony on that subject was objectionable. The real loss, on the allegations in the declaration, was the difference in value between the goods as they were, and as they were represented; which the declaration avers as resulting in a sale under cost. That would not represent the entire mischief in all cases, and would not probably in this, but how far any other damage could be compensated we need not attempt to determine, because no other cause of damage is averred. The court below acted on this theory. But we do not think that in such a case the plaintiff can recover beyond his actual damages averred. If he sells his goods profitably he is not injured under such averments although they are not worth in fact what he nevertheless succeeds in getting for them. And we think that it was entirely competent to show under this declaration that in the disposition finally made of the goods the damages were reduced or made good by an advantageous disposal. If he lost nothing he had no cause of action on that theory, and if he lost less than he feared, his actual loss is all he can claim.

We do not think it necessary to refer to the further considerations in the record. Most of them are either governed by what we have already said, or are not likely to come up again.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.