TATRO v. BROWER.

118   615
152  1  92

1. ASSUMPSIT—BREACH OF WARRANTY—DAMAGES.

Assumpsit will lie to recover damages for the breach of an express warranty as to the quality of an article sold, although such damages are consequential in their nature.

2. SALE—DEFECTIVE TANK—NEGLIGENCE OF PURCHASER—QUESTION FOR JURY.

The question as to whether a purchaser of tanks for the purpose of storing cider therein should, as a reasonably prudent man, have taken warning from the bursting of a lug on the empty tank, and removed his cider from the other tank, which subsequently burst, is for the jury, where the vendor assumed to account for the first break, and assured the purchaser that the tanks were all right.

Error to Berrien; Coolidge, J. Submitted October 6, 1898. Decided December 6, 1898.

Assumpsit by Louis N. Tatro against Jacob Brower for breach of warranty. From a judgment for plaintiff, defendant brings error. Affirmed.

O'Hara & O'Hara, for appellant.

Gore & Harvey, for appellee.

MONTGOMERY, J.  This is an action of assumpsit upon an express warranty in the sale of certain storage tanks by defendant to plaintiff.  The tanks were purchased by plaintiff for the purpose of storing cider in them.  This purpose was known to defendant.  There was conflict in the testimony as to the fact of warranty.  The jury found with the plaintiff.  The plaintiff's testimony on the subject of damages tended to show that, after the tanks were furnished, he caused one of them to be filled with cider, and, when this tank was nearly filled, the lug on the lower hoop of the empty tank broke.  Plaintiff sent word to the

defendant, requesting him to come and fix it.    This the defendant refused to do, but plaintiff testifies he caused the lug to be fixed, and a few days later met the defendant, who again assured him that the tanks were all right; that the break was probably caused by a flaw in the iron, and that it would not occur again.    The plaintiff then proceeded to fill both tanks.    Some two months later certain of the lugs on the tank first filled broke, the staves spread, and the contents of the tank, 5,000 gallons of cider, were lost.    Plaintiff recovered, and defendant brings error.

The defendant contends that the action is one sounding in tort, and that as it originated in justice's court, and the amount claimed is more than $100, no jurisdiction was obtained.    The fact is, however, that the declaration is in form in *assumpsit*, and it follows that the defendant's objection is without force, unless we accept the view of defendant that, for damages which are consequential, the only remedy is in case.    We do not find this contention supported by authority.    On the contrary, the rule is that the plaintiff may in some cases choose between *assumpsit* and case, but where there is an express warranty the plaintiff may in *assumpsit* recover adequate damages.    28 Am. & Eng. Enc. Law, 823; *Dushane* v. *Benedict*, 120 U. S. 630; *Carter* v. *Glass*, 44 Mich. 154 (38 Am. Rep. 240), and cases cited.

The only remaining question which merits discussion is whether the instructions properly presented the case to the jury.    Defendant's counsel argue with much force that plaintiff discovered the defective character of these tanks in time to have avoided the loss of the cider by the exercise of ordinary caution.    Upon full consideration, we are, however, of the opinion that it was a question for the jury, under proper instructions, as to whether the plaintiff, as a reasonably prudent man, should, by the bursting of a lug· on the empty tank, have taken warning, and removed the cider from the other tank.    In reaching this conclusion we take notice of the fact that the lug which broke was not on the tank the bursting of which afterwards caused the

damage, and, further, of the fact that the defendant afterwards assumed (according to plaintiff's testimony) to account for the first break, and assured plaintiff that the tanks were all right again.    The question was for the jury.    Was it properly submitted?    Defendant submitted numerous requests along this line, which were not given in the language of counsel, but the circuit judge charged the jury on his own motion as follows:

"Of course, the plaintiff was bound to use good faith. If, after purchasing the tanks, he knew or learned of any defect in the construction of the tanks, it became his duty to communicate that to the defendant, or to take reasonable steps to repair them, and to use ordinary diligence,— that care which a man of ordinary intelligence and care would use under like circumstances.    He would have no right to fill the tanks with cider when he had good reason to believe that they were dangerous and might burst. However, the plaintiff was not bound to make a critical examination of the tanks to see if the tank was defective, and he had a right to rely on his warranty.    All that devolved upon him was simply that ordinary diligence which a man of ordinary intelligence and diligence would use under like circumstances.    The question in this connection is simply this:  Was the plaintiff negligent himself or reckless ?   If so, he cannot recover damages for injuries which he could have prevented by the exercise of ordinary diligence, and which he foresaw himself or must have reasonably anticipated."

We think this instruction embodies a correct statement of the law, and that it was not materially modified by other portions of the charge excepted to.

The judgment will be affirmed.

The other Justices concurred.