## HAROLD v. BALTIMORE & O. R. CO.

(Circuit Court of Appeals, Sixth Circuit. December 14, 1904.)

### No. 1,327.

1. TRIAL—DIRECTION OF VERDICT—INSUFFICIENCY OF PETITION.

A court is not warranted in directing a verdict on motion of defendant, after answer filed joining issue on the facts, on the ground of the insufficiency of the petition, unless it is so absolutely defective that no judgment could properly be entered on a verdict for plaintiff.

2. SAME.

A petition alleged that plaintiff was a passenger on an excursion train on defendant's railroad; that in the train was a combination car, one-half of which was a baggage room without seats, having a door at the end,

but no platform; that on the return trip such car was placed in the train, with the baggage room toward the rear next the second car; that it was after dark, and plaintiff, who was in such car, on account of its being crowded and warm went to the rear door, which was open, and, while standing there, was caused by the motion of the car to step forward through the door, and fell between the cars, receiving serious injuries; that owing to the darkness plaintiff could not see that there was no platform. Negligence was alleged in the use of such car, in the manner in which the train was made up, and in not using some means to protect passengers from the danger. *Held*, that such petition presented issues for the jury, and that it was error for the court at the trial to direct a verdict for defendant on motion, on the ground of its insufficiency, after defendant had answered, but before the taking of testimony.

In Error to the Circuit Court of the United States for the Northern District of Ohio.

Musser & Kohler and Young & Wanamaker, for plaintiff in error.

Arrel, McVey & Taylor and Allen, Waters & Andress, for defendant in error.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

SEVERENS, Circuit Judge. The plaintiff in error was the plaintiff below. He brought the suit to recover damages sustained by him while riding as a passenger on an excursion train of the defendant, on the return trip of the train, which had left Akron, Ohio, on the morning of August 16, 1902, and run to Sandusky, where the passengers left the train and went by boat to Cedar Point, where, during the day, they had a picnic.

The plaintiff purchased a round-trip ticket at Akron before starting. There were a large number of passengers on the train, which ran in two sections of eight cars each, much crowded. Late in the afternoon the passengers, the plaintiff among them, returned to Sandusky, and took the train on its starting to return to Akron. The first section of the train had already gone when the plaintiff came to the station, and the second section was about to go. The car which the plaintiff took was a combination car, having in one end a smoking room with seats, and in the other end a baggage room which had no seats. This car had a platform at the end containing the smoking room; at the other end it had none, but there was a door in it. In the morning, on the outgoing trip, the end without a platform was next the engine; on the return its position was reversed, the end having the platform being next the engine, and the end having none being connected with a passenger car next in the train. The plaintiff went aboard this combination car by the platform at the end of the smoking room, which he found already full of passengers, some standing up. After standing for a while, he went into the baggage room where were a large number of passengers, and where he sat down for a time on a basket. The room became hot and close, and the plaintiff went to the rear door for air. The door was standing open. There was no light between this car and the next, and the one in the baggage room was so dim and poor that the plaintiff could not see the condition of things where he was. It had become nighttime before

the train reached Chicago Junction, a station on the route. As they were nearing that place the car in which the plaintiff was made a sudden lurch, which caused the plaintiff to step forward beyond the end of the car. There being no platform there, he went down through the open space between the cars, and sustained injuries which resulted in the loss of one of his legs and the two first fingers of one hand.

In his petition the plaintiff charges the defendant with negligence "in using said baggage compartment for the carriage of passengers, and in not furnishing plaintiff with a suitable, proper, and safe place in which to ride; and also in using said car with the baggage end at the rear next to the following coach, so that an open space was left between said cars, as aforesaid, through which passengers on said train were liable to fall and be injured; and also in not furnishing and providing some suitable and proper device or means to prevent persons not knowing of said open space from falling between said cars onto the track of said railroad and thereby suffering injury"; and he says he was without any fault whatever contributing to his injury. Before the commencement of the trial the plaintiff was allowed to amend his declaration, and it then stated the facts to be substantially as above narrated. The answer admitted the plaintiff had been injured, but denied all other material allegations of the petition, and set up the defense of contributory negligence on the part of the plaintiff.

The case proceeded to trial. The plaintiff's counsel made an opening statement of the facts he expected to prove, which were, in substance, those stated in the petition, except that he said that the car "swayed slightly," instead of making a "sudden lurch," as alleged in the petition. Before taking evidence the defendant's counsel moved the court to direct the jury to find a verdict for the defendant upon the case as stated in the pleading and by counsel, stating the purpose of the motion to be to "raise now the question of law as to whether there is any case stated in this amended petition against the defendant company that entitles the plaintiff to a verdict." Upon argument, the bill of exceptions states, "It being admitted to the court by counsel for the plaintiff that the 'sudden lurch' of said car, mentioned in the third paragraph of plaintiff's amended petition as causing the plaintiff to step forward and to fall between the cars through said open space, was not a negligent act on the part of said defendant, and that no claim was made by plaintiff that such act was negligence or negligently caused by defendant," the court sustained the motion. The plaintiff moved to amend his petition so as to state that the plaintiff, supposing there was a platform there, and because the room was hot and close, stepped through the door, which stood open, instead of alleging that he was thrown forward by a "sudden lurch" of the car. This motion was refused. The court directed the jury to find a verdict for defendant, which was done. The record does not very clearly advise us of the particular ground of the court's ruling. But the fair inference is that the court thought that upon the allegation of the petition the "sudden lurch" was the proximate

cause of the plaintiff's injury, and, as that was admitted not to have been negligently caused, the ground of action had fallen out, and there was nothing further for the jury to consider.

We think the court was in error. The petition did not allege the lurching of the car was caused by any negligence of the defendant, and amounts to nothing more than the statement of what is frequently experienced by those traveling on railways. It was a mere incident of the means by which the plaintiff was brought into the place of danger where he suffered the injury. The ultimate causation was in the negligent organization of the train, supposing it to have been negligent, to which all the other factors in the situation led up. We are not to be understood as expressing any opinion as to whether there was negligence on the part of the defendant in the use of this car in the connection in which it was placed or in any other respect. That is a question for a jury. The proper way to raise the question of the sufficiency of a petition is by a demurrer, and while the course pursued here might be permissible in a case where it is perfectly clear that the petition is so defective that no judgment could properly be entered upon a verdict for the plaintiff, and so the trial would be a waste of time, we do not think this petition so absolutely defective as to warrant that practice. By answering the petition the defendant had lost its right to interpose a demurrer, and it would be anomalous if it could, after issue joined, revert to its former position. Said Judge Campbell, in Jackson v. Collins, 39 Mich. 557, 560: "When issue is joined on the facts, the declaration cannot be held fatally defective, unless inconsistent with any reasonable ground of action."

Having regard to the duty of the carrier to provide a proper place for its passengers, the crowded and uncomfortable conditions to which the plaintiff was subjected, and the leaving open the door at the rear end of the car without a light there, we think the question whether the plaintiff was guilty of contributory negligence was also one for the jury. For these reasons, we are constrained to think the court erred in sustaining the motion of the defendant and directing a verdict and judgment against the plaintiff.

The judgment will be reversed, with costs. A new trial should be awarded, and the court below is authorized to permit the plaintiff to amend his petition if he is so advised.