### HUMENIK *v.* STERNBERG.

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.
   Proofs and reasonable inferences therefrom must be viewed in the light most favorable to plaintiff on appeal from order directing verdict for defendant.

2. AUTOMOBILES—MINORS—NEGLIGENCE—QUESTIONS FOR JURY.
   Questions as to whether defendant who drove his southbound car so close to stopped southbound milk truck as to strike 6-year-old girl as she stepped therefrom, whether he should have antici-

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 886.
[2] 8 Am Jur 2d, Automobiles and Highway Traffic § 1011.

pated the likelihood or possibility that someone might step out left door of the truck, and whether or not he should have seen the child prior to the injury while she stood on the street ahead of him, still touching the truck, for a period long enough to look both ways for oncoming cars were properly questions for jury in minor's action based on alleged negligence of defendant proximately causing her injuries, hence, it was error to direct verdict for defendant driver and defendant owner of car.

Appeal from Wayne; Gilmore (Horace W.), J. Submitted November 5, 1963. (Calendar No. 44, Docket No. 50,103.) Decided December 2, 1963.

Case by Peter Humenik, guardian of Patricia Humenik, minor, against Mervyn H. Sternberg, special administrator of the estate of Anthony Bonacor, deceased, and Western Union Telegraph Company, a foreign corporation, for personal injuries sustained by minor when struck by automobile in August, 1958. Directed verdict and judgment for defendants. Plaintiff appeals. Reversed and remanded for new trial.

*Ackerman, Kaplan & Blum* (*Irving R. Blum,* of counsel), for plaintiff.

*Davidson, Gotshall, Kelly, Halsey & Kohl* (*Kenneth S. Halsey,* of counsel), for individual defendant.

DETHMERS, J. Plaintiff, as guardian of his minor daughter, sued for injuries sustained by her when struck by an automobile owned by defendant company and driven by its employee, defendant Bonacor, now deceased. Plaintiff appeals from a directed verdict of no cause for action.

The minor, 6 years of age at the time, crossed the street in front of her home and entered a milk truck for the purpose of getting a piece of ice. The truck was parked on the west side of the street, headed

south. When she had procured the ice she stepped out of the east, left side of the truck to recross the street to her home. Defendant's automobile came from the north, and, in passing the milk truck on its left side, struck the minor. She testified that she had looked for cars before leaving the truck, got out of the truck, again looked both ways for cars, and then was struck by defendant's automobile while she was still near and touching the truck. It was conceded at trial that defendant driver had been looking for a house number and that he did not see her before striking her. There is no showing of other cars being parked on the street in the vicinity and there is testimony from which an inference to the contrary reasonably might be drawn. The accident occurred on a sunny August afternoon.

The court directed the verdict on the ground that there were no proofs of actionable negligence on defendant driver's part sufficient to give rise to a jury question. The question of contributory negligence was not considered by the court, nor is it urged here by defendants. The proofs do not establish, as a matter of law, the minor's guilt of contributory negligence. That, necessarily, would have been the test in order to have based a directed verdict on that ground.

Defendants argue as facts the testimony most favorable to them. On this review of a directed verdict against plaintiff the proofs and reasonable inferences therefrom must be viewed in the light most favorable to plaintiff. *Ackerberg* v. *Muskegon Osteopathic Hospital,* 366 Mich 596. With the testimony so viewed, was no question of fact for the jury presented as to defendant driver's negligence?

Was it negligence which was a proximate cause of the accident for defendant driver, in undertaking to pass the standing milk truck on its left side, to drive so close to it that his automobile struck the minor

while she stood on the street still touching that truck? Ought he not to have anticipated the likelihood or possibility that someone might step out from the left door of the truck and have driven, accordingly, at a greater distance to the left of it? Was it such negligence for defendant driver to fail to see the minor prior to the injury, while she stood on the street ahead of him, still touching the truck, for a period long enough to permit her to look both ways for oncoming cars? About the answers to these questions reasonable minds might well differ. In this connection see the majority opinion in *DeLuca* v. *Wonnacott,* 358 Mich 319. We cannot agree that with such facts it may be held, as a matter of law, that defendant driver was free from negligence which was a proximate cause of the accident. The case should have gone to the jury.

Reversed and remanded for new trial. Costs to plaintiff.

Carr, C. J., and Kelly, Black, Kavanagh, Souris, Smith, and O'Hara, JJ., concurred.