## ADAMICKI v. MEADOWS

1. AUTOMOBILES — NEGLIGENCE — PRESUMPTIONS — DRIVER'S OBSERVATIONS — PLAINLY VISIBLE OBJECTS.

A person operating a motor vehicle is presumed to see what a person in the exercise of ordinary care and caution would see, that is, what is plainly visible.

2. AUTOMOBILES—NEGLIGENCE—DIRECTED VERDICT.

Motion for a directed verdict against defendant whose automobile collided with plaintiff, an eastbound motorcyclist, when defendant was making a left turn was properly denied where the defendant was turning left from the south westbound lane of a four-lane highway to a drive-in restaurant on the highway's south side, the defendant testified that he stopped to observe traffic aproaching from the west and proceeded to turn on signal from an employee of the restaurant, who was signalling traffic when to turn, the collision occurred when defendant was completing his turn, the area was well-lighted, and the weather was clear at the time of the accident, because on a favorable-to-defendant view, it cannot be said that all reasonable minds would agree that the motorcycle was where defendant could see it when he started his turn.

3. AUTOMOBILES—NEGLIGENCE—DIRECTING TRAFFIC—DIRECTED VERDICT.

Motion for a directed verdict in favor of defendant restaurant was properly denied where an employee of the restaurant was signalling traffic when to turn into the restaurant's driveway,

REFERENCES FOR POINTS IN HEADNOTES

[1] 38 Am Jur, Negligence § 191.
[2, 3] 8 Am Jur 2d, Automobiles and Highway Traffic § 1011.

the restaurant was on the south side of a four-lane highway, the employee, whose back was toward eastbound traffic, signalled defendant driver, who was in the south westbound lane, to make his turn, the driver testified that he stopped to observe traffic coming from the west, and that when he turned left he struck plaintiff motorcyclist, who was travelling eastbound, because not all reasonable minds would agree that the restaurant's employee acted with reasonable care and his activities were not a proximate cause of the accident.

Appeal from Macomb, Edward J. Gallagher, J. Submitted Division 2 June 8, 1971, at Detroit. (Docket No. 9877.)   Decided July 26, 1971.

Complaint by Michael Adamicki for himself and as next friend of Valerie Adamicki against Wayne D. Meadows and Jack Meadows, and Burger King of Detroit, for damages for negligence in an automobile-motorcycle collision.   Judgment for plaintiffs against Burger King; judgment of no cause of action for defendants Meadows.   Defendant Burger King appeals; plaintiffs appeal judgment of no cause of action in favor of defendants Meadows. Affirmed.

*Goldsmith & Shapiro* and *Goldsmith, Yaker & Goldsmith,* for plaintiffs.

*Eggenberger, Eggenberger, McKinney & Weber,* for defendants Meadows.

*Plunkett, Cooney, Rutt & Peacock* (by *John D. Hayes, Leonard E. Nagi* of counsel), for defendant Burger King of Detroit.

Before: Levin, P. J., and Quinn and V. J. Brennan, JJ.

Quinn, J.   Defendant Burger King appeals from the order denying its motion for judgment notwith-

standing the verdict or a new trial. Plaintiffs cross-appeal from the order denying their motion for directed verdict against defendants Meadows.

On the evening of September 27, 1968, plaintiff Valerie Claudine Adamicki was injured when the motorcycle on which she was a passenger struck an automobile owned by defendant Jack Meadows and driven with his consent by a son, defendant Wayne Meadows. The collision occurred on eastbound East Twelve Mile Road when Wayne Meadows, westbound, turned left to enter defendant Burger King's premises at 1540 East Twelve Mile Road and crossed the path of the eastbound motorcycle on which Valerie was a passenger.

East Twelve Mile Road is a paved four-lane highway with two eastbound and two westbound lanes. Burger King's premises are on the south side of the highway with an entrance driveway west of the restaurant and an exit driveway east of the restaurant. The area is well lighted and on the evening in question the pavement was dry and the weather was clear.

Sometime prior to the accident, Wayne Meadows was driving east on East Twelve Mile Road on his way to the Burger King. He noted a line of cars stopped in the south lane of East Twelve Mile Road, apparently controlled by a person at, or near, the entrance drive of Burger King. Rather than wait for entry to Burger King, Wayne continued east to a Dairy Queen, had some ice cream, and then returned to Burger King.

Wayne Meadows stopped in the south westbound lane of East Twelve Mile Road behind two automobiles waiting to turn left into Burger King. He noted four or five automobiles stopped in the south eastbound lane of East Twelve Mile Road. An employee of Burger King was standing in front of these

cars, and he signalled the automobiles ahead of Wayne to make their left turn and both did so. Wayne moved his vehicle up to the point of turn and stopped to observe traffic approaching from the west. Wayne testified that he saw nothing coming from the west and that he continued his left turn on signal from the Burger King employee, whose back was toward the eastbound traffic. As Wayne completed his left turn, the motorcycle struck his automobile.

At the close of plaintiffs' proofs, Burger King moved for a directed verdict. Plaintiffs moved for a directed verdict as to defendants Meadows and Burger King joined in this motion. Both motions were denied. The jury found in favor of plaintiffs against Burger King and in favor of defendants Meadows.

Burger King's first claim of error is the failure of the trial court to grant the motion for directed verdict against defendants Meadows, and this is the basis of plaintiffs' cross-appeal.

Before Wayne Meadows made a left turn, MCLA § 257.648 (Stat Ann 1968 Rev § 9.2348) required him to see that he could do so safely. He is presumed to have seen what a person in the exercise of ordinary care and caution would see; that is, what was plainly visible, Carrothers v. French (1944), 309 Mich 340, 348. On required favorable view of this record, we are not able to say that all reasonable minds would agree that the motorcycle was where Wayne Meadows could see it when he started his left turn. Jury submission as to defendants Meadows was proper.

On favorable view of the record, we are not persuaded that all reasonable minds would agree that Burger King's employee acted with reasonable care

and that his activities were not a proximate cause of the accident. This required jury determination.

Affirmed with costs to plaintiffs on the appeal and to defendants Meadows on the cross-appeal.

All concurred.