GRAYSON v CITY OF DETROIT

1. TRIAL—DIRECTED VERDICT—JUDGMENT NOTWITHSTANDING THE VER-
   DICT.

   The test for reviewing a refusal of a directed verdict and a
   judgment notwithstanding the verdict is whether, viewing the
   facts most favorably to the opposing party, reasonable men
   could differ, and if they can, the question is for the jury.

2. NEGLIGENCE—DIRECTED VERDICT—JUDGMENT NOTWITHSTANDING
   THE VERDICT.

   Motions for a directed verdict and for a judgment notwithstand-
   ing the verdict in a wrongful death action were properly denied
   where, viewing the evidence in the light most favorable to the
   plaintiff, it could be found that defendant city had been in-
   formed of the presence of an armed nonuniformed guard on
   duty on certain premises, that defendant failed to inform its
   servants (police officers) of this, and that police officers, re-
   sponding to a reported breaking and entering of the premises,
   shot and accidentally killed the guard.

3. TRIAL—JUDGMENT NOTWITHSTANDING THE VERDICT.

   In determining, on defendant's motion for a judgment notwith-
   standing the verdict, whether the plaintiff has met his burden
   of producing enough evidence from which a jury could reasona-
   bly find in his favor, the court must view all the evidence and
   all legitimate inferences therefrom in the light most favorable
   to the plaintiff.

Appeal from Wayne, James N. Canham, J. Sub-
mitted Division 1 February 7, 1973, at Detroit.
(Docket No. 13252.) Decided March 29, 1973.

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 5 Am Jur 2d, Appeal and Error § 886.
   46 Am Jur 2d, Judgments §§ 118, 128, 145.
   Practice and procedure with respect to motions for judgment not-
      withstanding or in default of verdict under Federal Civil Proce-
      dure Rule 50(b) or like state provisions. 69 ALR2d 449.

Complaint by Estella Grayson, administratrix of the estate of Howard Russell Grayson, against the City of Detroit for damages for wrongful death. Judgment for plaintiff. Defendant appeals. Affirmed.

*Dingell, Hylton & Zemmol* (by *Elbert E. Nance, Jr.),* for plaintiff.

*Michael M. Glusac,* Corporation Counsel, and *William P. Doran* and *Maureen P. Reilly,* Assistants Corporation Counsel, for defendant.

Before: T. M. BURNS, P. J., and BASHARA and ADAMS,* JJ.

PER CURIAM. This appeal arose out of a wrongful death action brought by plaintiff against the City of Detroit for the death of her husband. The cause of action was tried September 27 and 28, 1971, before a jury in the Wayne County Circuit Court.

On December 31, 1967, decedent was an armed nonuniformed guard on duty at the Crest Plating & Buffing Company. The president of the Crest Plating & Buffing Company had previously informed the City of Detroit in writing and by telephone that an armed nonuniformed guard was present on the premises of his company and the hours he was on duty. Officers of the Seventh Precinct were called to respond to a reported breaking and entering on the night of December 31, 1967.

Officer Bennie Jimines and his partner William Fumerola were the first to arrive at the Crest Plating & Buffing Company. Both Jimines and Fumerola were in plain clothes, neither had been

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

informed that there was an armed nonuniformed guard on duty at the company. None of the other officers who subsequently arrived at the scene had been informed that an armed nonuniformed guard was on duty. Officer Jimines entered the building and saw the decedent standing 30 to 35 feet from him. Decedent ran, got a shotgun, and pointed it at officer Jimines. When officer Jimines identified himself and ordered the man to drop his gun, the man failed to do so. Officer Jimines shot and killed him. The individual officer Jimines shot was the armed guard, decedent Howard Russell Grayson.

We are concerned here with whether the trial court erred in failing to direct a verdict for the defendant when it so moved at the close of plaintiff's proofs and at the close of all the proofs, and whether defendant was entitled to a judgment notwithstanding the verdict and in the alternative a new trial.

This Court has held:

"The test for reviewing a refusal of a directed verdict and a judgment notwithstanding the verdict is whether, viewing the facts most favorably to the opposing party, reasonable men could differ. If they can, the question is for the jury." *Mackey v Island of Bob-Lo Co,* 39 Mich App 64, 65 (1972).

See also *Simonetti v Rinshed-Mason Co,* 41 Mich App 446 (1972); *Adamicki v Meadows,* 35 Mich App 239 (1971).

Viewing the evidence in a light most favorable to plaintiff, we find that defendant City of Detroit had been informed that there was an armed nonuniformed guard on duty at the Crest Plating & Buffing Company. That defendant failed to inform its servants, officers of the Seventh Precinct, of the above information. Agents of defendant responding

to a reported breaking and entering at the Crest Plating & Buffing Company shot and accidentally killed decedent Howard Russell Grayson. Plaintiff presented a prima facie case of negligence for the jury to decide.

Defendant also claims the court erred in refusing to grant it a judgment notwithstanding the verdict or in the alternative a new trial. The standard for granting a judgment notwithstanding the verdict is stated in *Marietta v Cliffs Ridge, Inc,* 385 Mich 364, 371 (1971); the Supreme Court there held:

"In determining, on defendant's motion for a judgment notwithstanding the verdict, whether the plaintiff has met his burden of producing enough evidence from which a jury could reasonably find in his favor, the court must view all the evidence and all legitimate inferences therefrom in the light most favorable to the plaintiff."

As already outlined, the proofs established a prima facie case of negligence and defendant's motion for judgment notwithstanding the verdict or in the alternative a new trial was properly denied.

Affirmed.