### ROBINSON v RUSS

#### Opinion of the Court

1. Negligence—Appeal and Error—Actionable Negligence—Case Precedent.

   Slight negligence should never be actionable; however, interposition by intermediate appellate courts is impermissible where case precedent mandates the application of a different rule.

#### Opinion of McGregor, J.

2. Appeal and Error—Directed Verdict—Evidence.

   *Facts must be viewed in the light most favorable to the plaintiff when a directed verdict in favor of the defendant is appealed.*

3. Negligence—Directed Verdict—Reasonable Man—Evidence—Jury.

   *A directed verdict is proper where all reasonable men would agree that an act is either negligent or prudent; the question must be submitted to the jury where there is doubt as to whether all reasonable men would draw the same conclusion from the evidence.*

4. Automobiles—Negligence—Directed Verdict—Infants—Reasonable Men—Motorcycles.

   *All reasonable men would not agree that a defendant's acts were prudent where the record when viewed in a light most favorable to the plaintiff discloses that the defendant was driving his motorcycle at 25 miles per hour in a residential area in which children could be seen playing, the three-year-old plaintiff was in the street and could be seen from at least 50 feet away, a neighbor had shouted a warning to the defendant, the plaintiff froze a split second before impact, and the defendant's motorcycle slid out from under him when he veered and it struck the*

---

References for Points in Headnotes

[1] 57 Am Jur 2d, Negligence §§ 32–65.

[2] 4 Am Jur 2d, Appeal and Error § 524.

[3, 4, 6] 58 Am Jur 2d, Negligence §§ 94, 95, 301, 302.

[5] 57 Am Jur 2d, Negligence § 297.

plaintiff; therefore, it was error to direct a verdict for the defendant.

5. Negligence—Contributory Negligence—Infants—Three-Year-Olds.

A person who is three years old is incapable of contributory negligence.

6. Automobiles—Operators—Negligence—Due Care—Presumptions.

The operator of a motor vehicle is presumed to see what a person in the exercise of ordinary care and caution would see; he is presumed to see what is plainly visible.

Appeal from Oakland, Richard D. Kuhn, J. Submitted November 8, 1974, at Lansing. (Docket No. 18604.) Decided January 28, 1975.

Complaint by Shawn M. Robinson, by her next friend, Gerald Robinson, and Gerald Robinson, on his own behalf, against Charles S. Russ for damages for injuries sustained in a pedestrian-motorcycle accident. Judgment for defendant. Plaintiffs appeal. Reversed and remanded.

*Lakin & Worsham, P. C.,* for plaintiffs.

*Eggenberger, Eggenberger, McKinney & Weber,* for defendant.

Before: Quinn, P. J., and McGregor and O'Hara,* JJ.

Quinn and O'Hara, JJ. *(concurring in result).* We are totally unsympathetic with the result reached in this case. It offends against what we consider always to have been the basic requirement of a complaining party in making a jury-submissible issue in a negligence case.

It might have been the better part of wisdom to

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

have submitted the case to the jury under GCR 1963, 515[1] thus permitting the trial judge to do the same thing he did on a motion *non obstante veredicto* if he concluded a finding of negligence and consequential damage was unwarranted. If the jury took the contrary view, the directed-verdict issue before the jury submission would have been mooted.

If there were any negligence in this case it was the slightest.

If the Supreme Court did not mean what it clearly said in *People v Campbell,* 237 Mich 424; 212 NW 97 (1927), it would seem that it should expressly overrule it. Our most diligent research does not reveal this has been done, expressly or *sub silentio:*

"Slight negligence is never actionable either in the *civil* or criminal law * * * ". 237 Mich at 429 (Emphasis added.)

This holding is supported by former Justice BLACK, surely one of the most diligent guardians of the jury's right to decide negligence questions, in a concurrence signed by Justices THOMAS M. KAVANAGH, SOURIS and ADAMS. He wrote:

"Appellant asserts, quite correctly, that 'slight' negligence does not authorize recovery when—in a case of tort not arising from contractual relations—such negligence is charged against a defendant." *Clark v Grand Trunk Western R Co,* 367 Mich 396, 403; 116 NW2d 914 (1962).

We think *Campbell* and *Clark* should control. In recently released *Miller v Detroit Cab Co,* 392 Mich 480; 221 NW2d 342 (1974), our view is better

[1] The former MCLA 691.691; MSA 27.1461, known as the Empson Act, is one of the recognized sources for GCR 1963, 515.

expressed by the dissent of Justices Swainson and
Coleman.

However, the brief, and in our view, conclusion-
ary majority opinion in that case seems to man-
date a contrary result.

Interposition by intermediate appellate courts is
impermissible. With recorded reluctance we con-
cur in the result reached by Judge McGregor.

McGregor, J. Plaintiff, a minor, brought this
suit through her next friend, alleging that she was
injured when defendant negligently ran into her
while driving his motorcycle. At the close of plain-
tiffs' proofs, defendant moved for a directed verdict
of no cause of action, which the trial court
granted. Following denial of plaintiffs' motion to
reconsider the grant of the directed verdict, plain-
tiffs moved to reopen the proofs and to submit the
deposition of the defendant. This motion was de-
nied. Plaintiffs appeal, alleging as error the trial
court's grant of defendant's motion for directed
verdict and the denial of plaintiffs' motion to
reopen the proofs.

The accident occurred on Sunday, June 11, 1972,
in the middle of Maureen, the residential side
street where plaintiff minor lived. Mr. Robert
Belling, who lived one door west of the plaintiff on
the opposite side of Maureen, testified that prior to
the accident he came out of his house, entered his
car, pulled around his daughter's car and drove his
car between his daughter's and his neighbor's car,
in front of his neighbor's driveway. At this point,
the Belling vehicle was parallel to and six feet
from the southern curb of Maureen, with the left
side of the vehicle two or three feet from the
center of the street. At this time, Mr. Belling
stopped to pick up a passenger.

Belling testified that he saw defendant's motorcycle about 120 feet away, approaching from the east at between 5 and 25 miles per hour. Belling yelled at the defendant and stuck his hand out the car window, after he looked in his sideview mirror and saw the three-year-old plaintiff run out from the Belling driveway, behind Belling's daughter's car, and enter the street.

Belling stated that when the motorcycle was two or three feet in front of his car, the plaintiff was two or three feet south of the center of the street, clearly visible, and 50 feet away from defendant's oncoming motorcycle. Belling observed the collision in the rearview mirror of his car; he stated that he could not tell if the plaintiff child stopped before crossing the center of the street, but that it appeared that the motorcycle had gone to the right, just prior to the impact, in an attempt to miss her. While the cycle wheel did not run over the plaintiff, the child was struck in the forehead by the side of the cycle crankcase and, on impact, she got caught in the front wheel.

Donald Fraser, a nephew of the Robinsons, testified that, at the time of the accident, he was in the Robinson driveway waiting for Mr. Belling to move his car and the defendant to pass by before backing into the street. Fraser heard Belling's shout as the motorcycle passed by; Fraser never saw the child until she and the motorcycle were about to make contact. Fraser stated that, as the motorcycle swerved to the right, the plaintiff stood rigid for a split second, as if preparing to get hit. When the defendant swerved, the cycle slid out from underneath him, and appeared to catch the child and drag her across the pavement. After impact, the cycle travelled five feet before falling on its left side, throwing the defendant over the

handlebars. Both Belling and Fraser testified that the defendant was travelling at approximately 25 miles per hour.

After plaintiffs rested their case, defendant moved for a directed verdict of no cause of action, which the trial court granted the following Monday morning. After the trial court denied plaintiffs' motion to reconsider the grant of the directed verdict, plaintiffs moved to reopen the proofs and submit the deposition of the defendant. This motion also was denied. Plaintiffs allege on appeal that the denial of both motions was erroneous.

On an appeal from a directed verdict in favor of the defendant, this Court must view the facts in the light most favorable to the plaintiff. *Kieft v Barr,* 391 Mich 77; 214 NW2d 838 (1974). Further, as stated in *Dodd v Secretary of State,* 390 Mich 606, 612; 213 NW2d 109 (1973):

"When it can be affirmed that all reasonable men would agree as to the quality of an act in respect of its being either negligent or prudent, the court may give effect to such consensus of opinion, and direct a verdict in accordance therewith. * * * If there is doubt as to whether all reasonable men would draw the same conclusion from the evidence, then the question must be submitted to the 12 reasonable men appointed by the Constitution to determine disputed or doubtful questions of fact."

Viewed in the light most favorable to the plaintiffs, the record discloses that the defendant was driving his motorcycle at approximately 25 miles per hour in a residential area where children could be seen playing. The plaintiff skipped out of a driveway and into the street; although partially obstructed by a parked car, the child could be seen from at least 50 feet away. The plaintiff froze a

split second before impact. Defendant's motorcycle slid out from underneath him when he veered to the right, thus striking the child with the motorcycle's crankcase and dragging her along the pavement.

We hold that the trial court erred in directing a verdict for the defendant since, on the facts presented, all reasonable men would not agree that the defendant's acts were prudent.

Plaintiff was three years old at the time of the accident; thus, she was incapable of contributory negligence. *Baker v Alt,* 374 Mich 492; 132 NW2d 614 (1965); *Burhans v Witbeck,* 375 Mich 253; 134 NW2d 225 (1965). The defendant, while operating a motor vehicle, is presumed to see what a person in the exercise of ordinary care and caution would see, that is, what is plainly visible. *Adamicki v Meadows,* 35 Mich App 239; 192 NW2d 364 (1971). If the plaintiff was, in fact, visible from 50 feet and standing still prior to the collision, the question of whether defendant was travelling at a safe speed and keeping a proper lookout for children playing in the residential area raises a question of fact upon which all reasonable men would not agree. Further, the question of whether the defendant could have prevented injury to the plaintiff by being able to turn slightly to his right without losing control of his vehicle, is likewise a question of fact for the jury. *Humenik v Sternberg,* 371 Mich 667; 124 NW2d 778 (1963).

Finding the trial court's grant of a directed verdict in favor of the defendant reversible error, this Court need not review plaintiffs' remaining allegation of error.

Reversed and remanded for a new trial. Costs to plaintiffs.