MICHIGAN MUTUAL LIABILITY INSURANCE COMPANY v
FRUEHAUF CORPORATION

1. PLEADING—AMENDING PLEADINGS—PREJUDICE.

A litigant has a right to amend pleadings in the absence of an apparent or declared reason such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility of amendment; prejudice refers to matter which would prevent a party from having a fair trial, or matter which the party could not properly contest, as when a party is surprised, and prejudice does not otherwise refer to the effect on the result of the trial.

2. PLEADING—AMENDING PLEADINGS—APPEAL AND ERROR—DISCRETION—COURT RULES—STATUTES.

The granting or refusal of permission to amend pleadings rests in the sound discretion of the trial judge and, on appeal, the ruling will not be disturbed in the absence of an abuse of discretion (GCR 1963, 118.1; MCLA 600.2301).

3. TRIAL—COURTS—AMENDING PROCEEDING—AMENDING PROCESS—AMENDING PLEADINGS—JUDGMENT—STATUTES.

A court in which any action or proceeding is pending has power to amend any process, pleading or proceeding, either in form or substance, for the furtherance of justice on such terms as are just at any time before judgment is rendered therein; a court at every stage of an action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties (MCLA 600.2301).

4. TRIAL—DIRECTED VERDICT—STANDARD.

The proofs and reasonable inferences therefrom must be viewed

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 61 Am Jur 2d, Pleading §§ 305–336.
[2] 4 Am Jur 2d, Appeal and Error § 98 et seq.
[2, 3] 61 Am Jur 2d, Pleading § 309 et seq.
[4] 75 Am Jur 2d, Trial § 463 et seq.
[5, 6] 8 Am Jur 2d, Bailments §§ 144–146.
[7] 17 Am Jur 2d, Contracts § 188.
[8] 75 Am Jur 2d, Trial §§ 693, 896.

in the light most favorable to plaintiff when considering a defense motion for directed verdict.

5. Contracts—Lease of Goods—Implied Warranties—Merchantability—Fitness—Disclaimers.

A clause disclaiming warranties in a lease of goods did not exclude implied warranties of merchantability and fitness where the clause did not mention merchantability and was not conspicuous in any way.

6. Contracts—Sales—Implied Warranties—Merchantability—Fitness—Exclusion—Modification—Reasonable Examination—Statutes.

Implied warranties of merchantability and fitness of goods are not excluded or modified, in spite of a contractual obligation to inspect the goods, where a reasonable examination would not have revealed defects in them (MCLA 440.2316[3][b]).

7. Indemnity—Negligence—Intent—Contracts—Construction.

A contract is not to be construed to indemnify a party against the consequences of his own negligence unless such an intent of the parties is unequivocally expressed in the clearest language.

8. Trial—Instructions to Jury—Proposed Instructions.

A court's duty is to instruct the jury correctly as to all of the law pertinent to the case; however, there is no obligation to give a proposed instruction exactly as it is submitted.

Appeal from Ingham, Donald L. Reisig, J. Submitted March 11, 1975, at Lansing. (Docket No. 18905.) Decided August 11, 1975. Leave to appeal applied for.

Complaint by Michigan Mutual Liability Insurance Company, as subrogee of S. D. Solomon & Sons, and S. D. Solomon & Sons against Fruehauf Corporation for damages arising out of the collapse and destruction of a dump trailer designed and manufactured by defendant. Cross-complaint by defendant for indemnity. Judgment for plaintiffs. Defendant appeals. Affirmed.

*Foster, Lindemer, Swift, & Collins* (by *Thomas R. Roberts),* for plaintiffs.

*Newman & Mackay,* for defendant.

Before: Danhof, P. J., and D. E. Holbrook, Jr. and O'Hara,* JJ.

D. E. Holbrook, Jr., J. This action arises out of the collapse and destruction of a 1968 Fruehauf dump trailer on February 25, 1968. Defendant designed and manufactured the trailer which plaintiff's subrogor, S. D. Solomon & Sons, had in its rightful possession and was operating on the date of the accident.

A jury trial was held in October, 1973 and resulted in an award of $8,000, being the amount of damages previously stipulated by the parties. The plaintiffs' theory was that there existed a latent defect, not visually apparent or discoverable without the aid of a trained expert equipped with magnifying instruments. The defect was alleged to be an improper weld and construction of the base and surrounding area of the hydraulic lift base. Therefore, plaintiffs maintained that defendant was liable under an implied warranty of fitness for intended use (purpose). Essentially, plaintiff insurer's initial complaint set forth a sale of the trailer by defendant to plaintiff's subrogor and the aforementioned theory.

Defendant's answer denied that there was a sale, and all material allegations, advancing the theory that if it were not a sale but simply a lease, the statutorily implied warranty of fitness for intended use (purpose)[1] was inapplicable.

A first amended complaint was filed. Basically it added S. D. Solomon & Sons as a party-plaintiff and alleged further damages suffered by S. D. Solo-

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA 440.2315; MSA 19.2315.

mon & Sons. The answer to the first amended complaint again denied all allegations. In this pleading, defendant first raised an affirmative defense claiming that S. D. Solomon & Sons, in violation of defendant's instructions, caused the trailer to be overloaded and improperly and unevenly loaded such that eccentric loading resulted. This was asserted as the cause of the accident.

Additionally, defendant filed a cross-complaint alleging that the damaged trailer was the subject matter of a lease entered into between S. D. Solomon & Sons and defendant prior to the malfunction and operation on the date of the trailer's destruction. Attached to this pleading was a copy of the lease. Plaintiffs responded to the cross-complaint, admitting the execution of the lease but denying defendant's interpretation of the provisions of the lease.

At the commencement of the trial, plaintiffs moved to file a "Second Amended Complaint" alleging a sales agreement of November 7, 1967, but added the allegation that the trailer was subject to a lease between December 29, 1967, and December 28, 1969; the defendant accelerated the balance due under the lease and invoiced it to S. D. Solomon & Sons; and S. D. Solomon & Sons delivered a draft in full payment thereafter.

Defendant vehemently objected to the new pleading at this juncture. Defendant argued that a new issue was injected and the court should deny such an amendment. Failing to avert the amendment, defendant asserted the right to an adjournment to pursue possible new defenses of statute of limitations and novation and to continue discovery proceedings. The trial court permitted the amendment, denied an adjournment, and proceeded with trial. Plaintiffs abandoned the sale theory during

trial and liability under the lease was the sole issue submitted to the jury.

On appeal, the pivotal issue is whether there was an abuse of discretion in granting, over objection, plaintiffs' motion to file the second amended complaint on the first day of trial and denying a request for an adjournment.

"The allowance of an amendment is not an act of grace, but a right of a litigant seeking to amend '[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive * * * , repeated failure to cure deficiencies * * * , undue prejudice * * * , futility of amendment, etc.' " *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649, 659; 213 NW2d 134, 138 (1973), citing *Foman v Davis,* 371 US 178, 182; 83 S Ct 227, 230; 9 L Ed 2d 222, 226 (1962).

In *Fred Gibbs, Inc v Old Colony Insurance Co,* 30 Mich App 352, 355–356; 186 NW2d 396, 397–398 (1971), the Court summarized the law with respect to this issue as follows:

"Pursuant to GCR 1963, 118.1 and its statutory counterpart, MCLA § 600.2301 (Stat Ann 1962 Rev § 27A.2301),[1] [2] the granting or refusal of permission to amend pleadings rests in the sound discretion of the trial judge and, on appeal, the ruling will not be disturbed in the absence of abuse. *Scott v Cleveland* (1960), 360 Mich 322 [103 NW2d 631]; *Hardaway v Consolidated Paper Company* (1962), 366 Mich 190 [114 NW2d 236]; *Graham v Thorman* (1958), 354 Mich 629 [93 NW2d 264].

---

[2] "[1] GCR 1963, 118.1 provides in pertinent part that 'Leave [to amend] shall be freely given when justice so requires'. MCLA § 600.2301 (Stat Ann 1962 Rev § 27A.2301) provides that: 'The court in which any action or proceeding is pending, has power to amend any process, pleading or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment rendered therein. The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties.' "

"Both the applicable statute and court rule evidence a policy favoring liberal amendment of pleadings as long as it does not prejudicially affect substantial rights. *Phillips v Rolston* (1965), 376 Mich 264 [137 NW2d 158]; *Blissfield Community Schools District v Strech* (1956), 346 Mich 186 [77 NW2d 785]."

Further, as noted in *Ben P Fyke & Sons v Gunter Co, supra,* at 657, in a quotation from the committee comment accompanying GCR 1963, 118:

" 'Prejudice' refers to matter which would prevent a party from having a fair trial, or matter which he could not properly contest, e.g. when surprised. *It does not refer to the effect on the result of the trial otherwise.* (Emphasis supplied.)"

Fundamentally, the second amended complaint neither altered nor redefined the basic claim of plaintiffs *viz.* defendant's liability for a breach of an implied warranty of fitness for intended purpose. The only change created by the amendment was related solely to the legal title and usage arrangements by which plaintiff S. D. Solomon & Sons had obtained the dump trailer. The implied warranty was one established by law, not contractually under a title, use, and/or possession document. Thus, the scope, substance, and identity of the triable legal issue remained the same and there was no abuse of discretion. *Bishop Electric, Inc v Simpson,* 7 Mich App 391, 398–400; 151 NW2d 900, 903–904 (1967), *lv den* 379 Mich 789 (1967).

Furthermore, the designation for the transfer of possession of the dump trailer between plaintiff S. D. Solomon & Sons and defendant as a lease was first advanced by defendant in its cross-complaint, appended to its answer to the first amended complaint. Obviously, defendant's trial strategy of

avoiding the consequences of a warranty of fitness for intended purpose, as implied by law to sales[3] by claiming a lease, backfired by its failure to realize that there also existed a recognized counterpart for leases. See *Jones v Keetch,* 388 Mich 164; 200 NW2d 227 (1972).

By injecting the allegation of a lease agreement as opposed to the asserted sale, defendant not only interposed a meaningless defense to the principal assertion of plaintiffs but also provided plaintiffs with the right to explore any rights or liabilities accruing under the lease. Defendant shall not be permitted to claim surprise and resulting prejudice because plaintiffs were permitted to clarify the pleadings with an amendment accepting defendant's pleading classifying the transaction as a lease but still maintaining a claim for damages for a breach of an implied warranty.

The denial of an adjournment did not constitute an abuse of discretion for these same reasons. Defendant was well aware of the lease's existence, having first asserted it. Consequently, as the lease was already subject to examination during the trial and plaintiffs alleged no other new claims concerning the lease, defendant was well apprised of the contents of the amendment throughout the discovery and pretrial proceedings.

The other remaining issues raised on appeal may be discussed summarily. Defendant challenges the denial of a motion for a directed verdict on the basis that the lease provided that plaintiff, S. D. Solomon & Sons, had inspected the equipment, acknowledged it to be in good condition and working order, and accepted same in its present condition.

The standard for granting a defense motion for directed verdict is:

---

[3] MCLA 440.2315; MSA 19.2315.

" * * * the proofs and reasonable inferences therefrom must be viewed in the light most favorable to plaintiff." *Humenik v Sternberg,* 371 Mich 667, 669; 124 NW2d 778 (1963). Accord, *Brusslan v Larsen,* 6 Mich App 680; 150 NW2d 525 (1967), *Ingram v Henry,* 373 Mich 453; 129 NW2d 879 (1964), *Anderson v Deming Motor Sales,* 371 Mich 223; 123 NW2d 768 (1963).

There existed testimony, on the record, of the necessity of polishing, staining and magnifying the area of the weld to expose the defect to a trained eye. Accepting this evidence in the light most favorable to plaintiffs, there existed a jury question.

Defendant also challenges the denial of a directed verdict on the basis of the lease provision imposing a duty on plaintiff S. D. Solomon & Sons to maintain the dump trailer in good repair and operating condition. The pertinent clause is as follows:

"Lessee agrees, at Lessee's sole cost and expense, to keep said equipment at all times during the life of this Agreement in good repair and operating condition * * * and to replace with new parts any and all badly worn or broken parts * * * and Lessee agrees that, upon termination of this Agreement by expiration, cancellation, or otherwise, Lessee shall return said equipment to Lessor at Lessor's address hereinabove stated at Lessee's cost and expense in the same condition and state of repair as it was when delivered to Lessee hereunder, ordinary wear and tear excepted."

This provision was clearly not intended to cover latent and undiscoverable defects in the equipment. It is apparent that this was meant to encompass only maintenance and repair work required from the operation of the equipment.

Next, defendant contends that the following dis-

claimer clause included in the lease excluded any implied warranties of merchantability and fitness for intended purpose:

"Lessor has made no warranties, express or implied, with respect to the equipment, or any thereof, and has not made, and shall not be bound by, any statements, agreements, or representations not specifically set out herein, unless the same be reduced to writing and signed by the lessor."

The trial court made two findings with reference to this language. First the court found that the language excluded only warranties made by the lessor, and not warranties implied by law. Second the court found that the clause did not fulfill the requirements of MCLA 440.2316(2); MSA 19.2316(2) in that the clause did not mention merchantability specifically and is not conspicuous within the meaning of the statute.

As to rental property, *Jones v Keetch, supra,* not statute, establishes the law of implied warranties. Nevertheless, the statutory guidelines for evaluating disclaimers of implied warranties in sales are appropriate and reasonable in assessing those in rental agreements.

The clause in the lease disclaiming warranties does not at any point mention the implied warranty of merchantability which the statute for sales requires to be specifically mentioned if it is to be excluded. The clause is not in any way made conspicuous, either by typeset, color of ink, or some indentation. It cannot therefore be considered to be made conspicuous, and the statute for sales requires that the implied warranty of fitness may be excluded only by a disclaimer made conspicuous. Plaintiff's contractual obligation to inspect does not eliminate the implied warranties of

merchantability and fitness. The buyer is required only to examine as most prudent men would under the same circumstances. *Tatro v Brower,* 118 Mich 615; 77 NW 274 (1898), *Jackson v Collins,* 39 Mich 557 (1878). In *Ambassador Steel Co v Ewald Steel Co,* 33 Mich App 495; 190 NW2d 275 (1971), *lv den* 386 Mich 754 (1971), this Court held that when a reasonable examination would not have revealed defects in the product, the implied warranty of merchantability is not excluded or modified under MCLA 440.2316(3)(b); MSA 19.2316(3)(b), which states that where the buyer has examined or refused to examine the goods there is no implied warranty with regard to defects which an examination ought to have revealed to him. For these reasons, defendant's claim must be rejected.

Defendant also asserts that the lease clause pertaining to casualty losses requiring plaintiff S. D. Solomon & Sons to hold defendant harmless for all such losses and to obtain insurance against such loss covers the situation at bar. Losses from a latent defect which causes an accident are not within the purview of this type of provision. The damages occurred as a result of defendant's own negligent construction of the equipment and cannot be termed a casualty loss. In *Geurink v Herlihy Mid-Continent Co,* 5 Mich App 154; 146 NW2d 111 (1966), *lv den* 379 Mich 754 (1967), this Court held that a contract is not to be construed to indemnify a party against the consequences of his own negligence unless such intent is unequivocally expressed in the clearest language. Accord, *Vanden Bosch v Consumers Power Co,* 56 Mich App 543; 224 NW2d 900 (1974), *Hubbert v Acme Equipment Co,* 55 Mich App 313; 222 NW2d 224 (1974). Hence, there was no error in holding this provision to be inapplicable.

Lastly, defendant challenges the trial court's failure to give the following proposed instructions:

"Members of the jury, I instruct you that plaintiffs' expert witness Alfred Davock testified that in his opinion the trailer tipped over because of a combination of eccentric loading and a weak weld. If you find that the trailer tipped over because of a combination of eccentric loading and a weak weld, you should return a verdict of no cause for action."

However, the court instead charged the jury as to what constitutes proximate cause, the necessity of determining proximate cause, and the plaintiff's burden of proving proximate cause. Further, the judge reviewed defendant's allegation that eccentric loading constituted a proximate cause.

There is no obligation to give a proposed instruction exactly as it is submitted. The trial court's duty is to instruct the jury correctly as to all of the law pertinent to the case. *McKine v Sydor,* 387 Mich 82, 86; 194 NW2d 841, 843 (1972). The jury in the instant case was fully and properly instructed.

We find no error.

Affirmed. Costs to appellee.