MILLER v DETROIT CAB COMPANY

OPINION OF THE COURT

1. AUTOMOBILES—TAXICABS—U-TURN—NEGLIGENCE—FORESEEABILITY.

A reasonable man could properly conclude that a taxicab driver could have avoided an accident if he had been more alert and exercised due care where an automobile made a U-turn from the southbound side of an avenue, crossed the centerline in front of two southbound vehicles the latter being the taxicab, which was traveling 25 miles per hour one car length behind the other vehicle traveling at the same speed, and entered the northbound lanes, and then recrossed the centerline, struck the first automobile and ricocheted into the side of the taxi.

DISSENTING OPINION

SWAINSON and M. S. COLEMAN, JJ.

2. AUTOMOBILES—JUDGMENT—NOTWITHSTANDING THE VERDICT—MOTIONS—TAXICABS—NEGLIGENCE—EVIDENCE—PROXIMATE CAUSE—FORESEEABILITY.

*A trial judge was correct in granting defendants' motion for a judgment notwithstanding the verdict in plaintiff's favor for injuries received while riding in defendants' taxicab where even if the jury concluded that the driver was negligent in the operation of his taxicab, there was no evidence upon which a jury could reasonably infer that this negligence was the proximate cause of plaintiff's injuries and it appears that the accident came about not because the driver was too close to the car ahead of him but because of the intervening negligence of a third party that was not reasonably foreseeable by the driver.*

3. JUDGMENT—NOTWITHSTANDING THE VERDICT—EVIDENCE—GROUNDS FOR RECOVERY.

*In order to grant a judgment notwithstanding the verdict the*

REFERENCES FOR POINTS IN HEADNOTES

[1, 5] 8 Am Jur 2d, Automobiles and Highway Traffic § 805.
[2] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 1037–1040.
[3] 47 Am Jur 2d, Judgments §§ 106–151.
[4] 58 Am Jur 2d, Negligence §§ 123, 199–205, 212, 219.

*trial court must be able to say that after consideration of all of the evidence in the light most favorable to the party against whom the verdict is directed there is still, as a matter of law, no grounds for that party's recovery.*

4. NEGLIGENCE—FORESEEABILITY—INTERVENING CAUSE—LIABILITY FOR DAMAGES.

*A defendant only becomes responsible for the damages resulting from the intervening actions of a third party when those actions can be said to have been reasonably foreseeable.*

5. AUTOMOBILES—TAXICABS—U-TURN—NEGLIGENCE—FORESEEABILITY.

*At best, a third party's conduct was "highly extraordinary" and beyond the bounds of those actions that reasonable persons may be expected to reasonably anticipate where the third party made a U-turn from the southbound side of an avenue, crossed the centerline in front of two southbound vehicles, the latter being a taxicab, and entered the northbound lanes, and then recrossed the centerline, struck the first automobile and ricocheted into the side of the taxi; it is unreasonable to argue that the taxi driver should have realized that the third party might continue his U-turn in a circular fashion, reenter the southbound lane, and then collide with the taxi.*

Appeal from Court of Appeals, Division 1, Lesinski, C. J., and J. H. Gillis and W. R. Peterson, JJ., affirming Wayne, Dale A. Riker, J. Submitted April 2, 1974. (No. 2 April Term 1974, Docket No. 54,749.) Decided September 6, 1974.

Complaint by Ida Miller against Detroit Cab Company, Howard Welch, Inc., and Edwin Ernest Lambert for damages for injuries sustained in an automobile collision. Judgment notwithstanding the verdict for defendants. Plaintiff appealed to the Court of Appeals. Affirmed. Plaintiff appeals. Reversed and remanded for entry of judgment on the verdict.

*Lippitt, Perlove, Varga & Zack,* for plaintiff.

*Sommers, Schwartz, Silver, Schwartz, Tyler &*

*Gordon, P. C.* (by *Donald J. Morbach*), for defendants.

Levin, J. A reasonable man could properly conclude that the taxicab driver could have avoided the accident if he had been more alert and exercised due care.

The Court of Appeals is reversed. The judgment *n.o.v.* is set aside and the cause is remanded for entry of judgment on the jury's verdict for plaintiff.

T. M. Kavanagh, C. J., and T. G. Kavanagh, Williams, and J. W. Fitzgerald, JJ., concurred with Levin, J.

Swainson, J. *(dissenting).* On August 26, 1968, plaintiff Ida Miller, was seriously injured while riding in a taxicab owned by defendant, Detroit Cab Company, Howard Welch, Inc., and driven by defendant, Edwin Ernest Lambert. After a jury returned a verdict in plaintiff's favor, the trial court granted defendants' motion for judgment notwithstanding the verdict. GCR 1963, 515.2. The trial court's action was upheld by the Court of Appeals, and plaintiff now appeals to our Bench.

Viewed in the light most favorable to plaintiff, the trial evidence indicated that defendant Lambert was driving the cab southbound on Woodward Avenue at a speed of approximately 25 to 30 miles per hour. He was following the car ahead of him (operated by Michael Cousins) by one car length. While the cab and the Cousins' vehicle proceeded in their direction of travel, a third vehicle (operated by Samuel Crawford) made a U-turn from the curb lane on the southbound side of Woodward Avenue, crossed the centerline in front of the two southbound vehicles and entered the northbound

lanes. Then, instead of proceeding north after completing the U-turn, the Crawford vehicle recrossed the centerline, struck the Cousins' automobile and ricocheted into the side of the taxi. From these facts plaintiff argued that defendant Lambert was negligent in his operation of the taxicab and through such negligence became the proximate cause of the accident that lead to plaintiff's injuries.

Our singular issue for consideration is: Did the trial court err in granting defendants' motion for a judgment notwithstanding the verdict?

In order to grant a judgment notwithstanding the verdict the trial court must be able to say that after consideration of all of the evidence in the light most favorable to the party against whom the verdict is directed there is still, as a matter of law, no grounds for that party's recovery. *McKinney v Larges,* 367 Mich 387; 116 NW2d 761 (1962); *Kroll v Katz,* 374 Mich 364, 369; 132 NW2d 27 (1965). In the instant case we find that the judgment of the trial court was correct. Even if the jury concluded that defendant Lambert was negligent in the operation of his taxicab, there was no evidence upon which a jury could reasonably infer that this negligence was the proximate cause of plaintiff's injuries.

It will be useful to begin our analysis by quoting the relevant portion of the opinion rendered by the Court of Appeals:

"We agree with the trial court's disposition of this case. We fail to see how Lambert's negligence, assuming it is negligent to drive 25 miles per hour one car length behind another vehicle traveling the same speed, had anything to do with the third vehicle illegally and negligently crossing the centerline of the highway and striking the side of the cab. The only conclusion availa-

ble is that Lambert had the misfortune to be in the wrong place at the wrong time. See *Berry v Sugar Notch,* 191 Pa 345; 43 A 240 (1899). * * *

"No evidence showed Lambert failed to exercise sufficient control of his vehicle or that the brakes were inadequate, or that his unsuccessful attempts to avoid the third vehicle were hampered by following the car ahead too closely, and no theory was presented that he failed to keep proper lookout for vehicles making full circles on Woodward Avenue. See *Arnold v Krug,* 279 Mich 702 [273 NW 322] (1937). For the foregoing reasons the trial court's decision is affirmed." *Miller v Detroit Cab Co,* (Court of Appeals Docket No. 13266, decided March 2, 1973 [unreported]).

The Court of Appeal's opinion focuses directly upon the reasons that we believe exempt defendant Lambert from responsibility for the plaintiff's injuries. The defendant's negligence, if any, cannot be said to have been the proximate cause of plaintiff's injuries. Under the facts presented it appears that the accident came about not because the defendant was too close to the car ahead of him, but because of the intervening negligence of a third party that was not reasonably foreseeable by the defendant.

The present case forms a marked contrast to the case of *McKinney v Larges, supra,* in which this Court did reverse a directed verdict in favor of a defendant cab driver. In *McKinney,* the Court viewed the facts in the light most favorable to plaintiff-appellant and found that:

"Plaintiff Bertha Lee McKinney and her son Dwight boarded the cab on Chene street and asked the driver to take them to an address on East Fort street. It was snowing and the streets were icy and slippery. The cab took off at a fast speed and maintained a speed at from 35 to 40 miles per hour. Bertha McKinney warned the driver of the excessive speed. He replied that she didn't

have anything to worry about, that they had plenty of insurance, and continued to drive at a high speed. As they approached Chene and Watson streets Bertha McKinney observed the lights of defendant Bouchard's car 3 or 4 car lengths away. The car was skidding. She yelled and screamed. The car and cab collided. Serious injuries resulted to both Bertha McKinney and her son Dwight McKinney." 367 Mich 387, 394.

Under these facts the Court concluded that a jury might have reasonably found that defendant would have been able to avoid the collision if he had been proceeding in a safe manner. The Court stated:

"We suggest that under the same unusual conditions —the icy, slippery, snowy street—if the defendant cab driver had not been traveling at such a high rate of speed he might have been able to stop or avoid the accident, and that his failure to drive at a rate of speed in keeping with the prevailing condition of the street (and particularly after the warning of Bertha McKinney) might be negligence which was a proximate cause of the accident." 367 Mich 387, 395.

Under the present record the jurors could perhaps have assumed that defendant was traveling improperly close to the car ahead of him. The collision, however, was not with the preceding Cousins' vehicle but with the Crawford automobile that collided with the side of defendant's taxicab. Moreover, from this record we are unable to find evidence from which the jury could have inferred that defendant's proximity to the Cousins' automobile denied him an opportunity he otherwise would have had to speed up, slow down or swerve to avoid the collision with Crawford.

The more recent case of *Davis v Thornton,* 384 Mich 138; 180 NW2d 11 (1970), demonstrates another issue of tort law that we feel is applicable to

the present case. In *Davis* the Court considered a defendant's responsibility for the intervening acts of a negligent third party. The simple test that emerged was that of foreseeability. A defendant only becomes responsible for the damages resulting from the intervening actions of a third party when those actions can be said to have been reasonably foreseeable. In *Davis* the Court relied upon the earlier case of *Comstock v General Motors Corp,* 358 Mich 163; 99 NW2d 627; 78 ALR2d 449 (1959), and quoted with approval from 2 Restatement Torts, § 447, p 1196:

"The fact that an intervening act of a third person is negligent in itself or is done in a negligent manner does not make it a superseding cause of harm to another which the actor's negligent conduct is a substantial factor in bringing about, if

"(a) the actor at the time of his negligent conduct should have realized that a third person might so act, or

"(b) a reasonable man knowing the situation existing when the act of the third person was done would not regard it as highly extraordinary that the third person had so acted."

In our opinion it is unreasonable to argue that defendant should have realized that Crawford might continue his U-turn in a circular fashion, reenter the southbound lane, then collide with the taxi. At best, Crawford's conduct was "highly extraordinary" and beyond the bounds of those actions that reasonable persons may be expected to reasonably anticipate.

It is our conclusion that the sole proximate cause of the accident that lead to plaintiff's injuries was the action of Mr. Crawford, with whom plaintiff has already reached a settlement in this matter. With respect to defendant Lambert, we

agree with the Court of Appeals that both he and plaintiff Miller had the misfortune to be in the wrong place at the wrong time.

The Court of Appeals is affirmed.

M. S. COLEMAN, J., concurred with SWAINSON, J.