DILLON v TAMMINGA #2

1. JUDGMENT—SUMMARY JUDGMENT—MOTIONS—APPEAL AND ERROR—
COURT RULES.

A motion for summary judgment under the court rule tests only
the legal, not the factual, sufficiency of a party's pleadings; an
appellate review of a summary judgment accepts as true all of
the appealing party's factual allegations, as well as any reason-
able inferences which may be drawn therefrom; a motion for
summary judgment is improperly granted where the pleadings
of the nonmoving party state a legally valid claim and raise
triable issues of fact (GCR 1963, 117.2[1]).

2. NEGLIGENCE—PROXIMATE CAUSE—WORDS AND PHRASES.

A proximate cause of injury in a negligence action is a cause that
is a natural and probable consequence of a person's conduct, a
consequence that an ordinary, prudent person ought to have
foreseen; there may be more than one proximate cause of an
injury, and a defendant's negligence need not be the sole cause
in order for plaintiff in the action to succeed.

3. NEGLIGENCE—PROXIMATE CAUSE—STOP SIGNS—REMOTENESS—IN-
TERVENING CAUSE.

A court's summary disposition of questions of remoteness of cause
and intervening cause in a claim that there was a negligent
destroying of a stop sign controlling traffic at an intersection
which caused an accident was error where a reasonable person
could find that plaintiff's injuries were a direct and probable
result of a defendant's alleged negligence, and that a city's
failure to replace the stop sign was not an intervening cause
which cut off the defendant's liability.

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 104.

5 Am Jur 2d, Appeal and Error §§ 617, 727, 853, 1053.

73 Am Jur 2d, Summary Judgment §§ 1, 35, 40.

[2, 3] 56 Am Jur 2d, Negligence §§ 131–133, 169, 178, 192.

Foreseeability as an element of negligence and proximate cause.
155 ALR 157, s. 100 ALR2d 942.

Appeal from Kalamazoo, Raymond W. Fox, J. Submitted June 5, 1975, at Grand Rapids. (Docket No. 22258.) Decided September 11, 1975.

Complaint by Darlene K. Dillon against Raymond L. Tamminga, Gary W. Brinkert, Jr., Harold L. West, The City of Kalamazoo, Edward Hancox, Richard Amsbury, David Sisak, Lambert Slager, Robert Carroll, and Phillip C. Woltersom for damages for personal injuries arising out of an automobile accident. Summary judgment for defendant Phillip C. Woltersom. Plaintiff appeals. Reversed and remanded for trial.

*Randolph McCarthy, Jr.,* for plaintiff.

*James, Dark & Craig,* for defendant Phillip C. Woltersom.

Before: McGREGOR, P. J., and D. E. HOLBROOK and N. J. KAUFMAN, JJ.

PER CURIAM. Plaintiff appeals from an October 21, 1974 order of the Kalamazoo County Circuit Court which granted summary judgment against her. The order was granted in favor of defendant Woltersom pursuant to defendant's claim under GCR 1963, 117.2(1), that plaintiff had "failed to state a claim upon which relief can be granted". We reverse and remand for trial.

There is little factual dispute involved here. According to plaintiff's complaint and to defendant's admissions at the hearing for the purpose of the summary judgment motion, defendant's allegedly negligent act occurred on September 3, 1971. At about 10:20 p.m. on the date, defendant was involved in a drag race on South Park Street

in Kalamazoo with another defendant, who is not involved in this appeal. Plaintiff alleged that defendant's negligence caused defendant to lose control of his automobile which then collided with a parked vehicle. This collision destroyed the stop sign controlling traffic on westbound West Walnut Street at the West Walnut-South Park intersection. This sign was not replaced by the City of Kalamazoo until September 5, two days later.

In the interim, at 9:28 p.m. on September 4, about 23 hours after defendant had destroyed the stop sign, plaintiff was a passenger in a vehicle operated by another defendant who is also not part of this appeal. This vehicle was traveling west on West Walnut, and, when it came to the place where the stop sign had been located, it continued into the intersection without stopping or yielding the right of way. As a result, the car in which plaintiff was riding collided with a car driven by another nonappealing defendant, and plaintiff suffered severe injuries. Plaintiff also sued the City of Kalamazoo for negligently having failed to repair the stop sign. That suit is not involved here.

A motion for summary judgment under GCR 1963, 117.2(1) tests only the legal, not the factual, sufficiency of the pleadings. *Van Liere v State Highway Dept,* 59 Mich App 133; 229 NW2d 369 (1975), *Crowther v Ross Chemical and Mfg Co,* 42 Mich App 426; 202 NW2d 577 (1972). An appellate review accepts as true all of plaintiff's factual allegations as well as any reasonable inferences which may be drawn from the allegations. *Hoag v Paul C Chapman & Sons, Inc,* 62 Mich App 290; 233 NW2d 530 (1975), *Martin v Fowler,* 36 Mich App 725; 194 NW2d 524 (1971). A summary judgment motion must be denied if the pleadings state a legally valid claim and raise triable issues of

fact. *Blades v Genesee County Drain Dist No 2,* 375 Mich 683; 135 NW2d 420 (1965).

In granting summary judgment here, the court stated:

"How in the world you can say an accident 24 hours later was the natural and probable result of a drag racing incident the night before * * * . It seems clear to me there was an intervening cause *[i.e.,* the city's failure to replace the sign]."

We find the case of *Davis v Thornton,* 384 Mich 138; 180 NW2d 11 (1970), to be cogent authority for our review here, both for its specific holding and for its general policy. In *Davis, supra,* the Supreme Court held that a summary judgment had been improvidently granted where plaintiff was suing for injuries incurred in an accident with some "joyriders" who had stolen a car in which one of defendant's employees had left the ignition key. The question in *Davis,* as here, was one of proximate cause between defendant's acts and plaintiff's injuries. A proximate cause is one that is a "natural and probable consequence" of one's conduct, a consequence that an ordinary, prudent person ought to have foreseen. *Luck v Gregory,* 257 Mich 562, 569; 241 NW 862, 864 (1932), *Clumfoot v St Clair Tunnel Co,* 221 Mich 113; 190 NW 759 (1922); see also Michigan Standard Jury Instruction 15.01. There may be more than one proximate cause to an injury, and a defendant's negligence need not be the sole cause. *McKine v Sydor,* 387 Mich 82; 194 NW2d 841 (1972), *Price v Manistique Area Public Schools,* 54 Mich App 127; 220 NW2d 325 (1974), *lv den* 393 Mich 753 (1974); see also Michigan Standard Jury Instruction 15.03. The Court in *Davis, supra,* propounded a standard for summary judgment motions in such cases:

"A judgment for the defendant, in an action such as this, can properly be made only upon a determination * * * that the injury caused plaintiff was *too insignificantly connected to or too remotely effected* by the defendant's negligence.

"For a proper grant of summary judgment for the defendant, a trial judge must rule that *all reasonable men* would agree on the conclusion [that defendant's negligence did not proximately cause plaintiff's injuries]." (Emphasis supplied.) 384 Mich 138 at 142.

The ruling of the trial court in the instant case could be interpreted to represent one of two holdings: (1) that defendant's alleged negligence was not, as a matter of law, a proximate cause of plaintiff's injuries or (2) that defendant's alleged negligence could have been a proximate cause but the negligence of the city was an independent, intervening cause which severed the link between defendant's negligence and plaintiff's injuries. Foreseeability of consequences is crucial to both questions, and remoteness is vital to a determination of foreseeability.

We stress, as did the *Davis* Court, the longstanding Michigan policy that "[t]he determination of remoteness, however, should seldom, if ever, be summarily determined". (Citation omitted.) *Davis, supra,* at 147. See also *Miller v Detroit Cab Co,* 392 Mich 480; 221 NW2d 342 (1974), *Howard v Golden State Mutual Life Insurance Co,* 60 Mich App 469; 231 NW2d 655 (1975). In *Davis,* the Court reversed summary determinations as to both "whether leaving the keys in the ignition was too remote a cause of the resulting collision" and, if not, "whether the theft was an independent cause which severed the causal relationship". 384 Mich 138 at 146.

Turning to the instant case, we also find that

the summary disposition of the remoteness and intervening cause questions was in error. First, we conclude that a reasonable person could find that plaintiff's injuries were a direct and probable result of defendant's alleged negligence. The logical link between a negligent driver colliding with a roadside object and that object resulting in a hazard to other drivers using the road is not so attenuated as to be unreasonable.

Second, we hold that a reasonable man could find that the city's failure to replace the stop sign was not an intervening cause which cut off defendant's liability. The intervening negligence of a third party is not a superseding cause of harm which cuts off a defendant's liability if:

" '(a) [defendant] at the time of his negligent conduct should have realized that a third person might so act, or

" '(b) a reasonable man knowing the situation existing when the act of the third person was done would not regard it as highly extraordinary that the third person had so acted.' "

*Davis v Thornton, supra,* at 149, quoting 2 Restatement, Torts, § 447, p 1196. We make no holding as to whether the city's delay in replacing the stop sign was negligent. Assuming *arguendo* that it was, we conclude that a reasonable person in defendant's position should have realized that the sign might not be replaced for two days. This question, as is the question of remoteness of causation, is a question more appropriate for determination by the finder of fact than by the judge.

Reversed and remanded for trial.