**Richard C. HILD, and George R. Hild, Plaintiffs,**

v.

**Britton BRUNER, etc. et al., Defendants.**

**Civ. A. No. 79–983.**

United States District Court,
D. New Jersey.

July 28, 1980.

Edmund E. Lynch, Lynch & Lynch, Denville, N. J., for plaintiffs.

P. Joseph Marley, Newark, N. J., for defendants Mills, Morris and Town of Newton.

Barry N. Chase, Newton, N. J., for defendant Bruner.

David L. Jubanowsky, Morris, Downing & Sherred, Newton, N. J., for defendant Tp. of Andover.

## OPINION

WHIPPLE, Senior District Judge.

This is a civil rights action under 42 U.S.C. § 1983, with a pendent state claim for false arrest. The events giving rise to the complaint took place early in the morning of October 23, 1978 after plaintiffs George and Richard Hild were stopped for traffic violations in front of their home by defendant Britton Bruner, a police officer of Andover Township, New Jersey. Shortly thereafter a struggle ensued involving the two Hilds against Bruner and defendants Morris and Mills, police officers of the Town of Newton who arrived pursuant to an earlier radio request by officer Bruner. The Hilds alleged that they suffered physical and mental injuries as a result of the struggle and arrests.

The Hilds brought this action against Bruner, Mills, Morris, Andover Township and the Town of Newton. Plaintiffs moved for a preliminary injunction in 1979 in order to enjoin the defendants from harassing and otherwise interfering with their freedom to travel and rights to privacy. This motion was denied.

The case proceeded to trial before a jury on May 1, 1980. At the close of the case the Court charged the jury on the New Jersey law of false arrest and on federal law in § 1983 actions seeking compensatory and punitive damages. The Court then submitted special interrogatories to the jury in order that it could assess the relative liability of and appropriate kind and measure of damages to be awarded against each of the five defendants. The jury returned verdicts in favor of the Hilds and against all defendants for compensatory and punitive damages as follows:

| Plaintiff | Defendant | Claim | Kind of Damages | Amount |
|---|---|---|---|---|
| George Hild | Bruner | Civil Rights | Compensatory | $17,000 |
| " | " | " | Punitive | 5,000 |
| " | Mills | " | Compensatory | 15,000 |
| " | " | " | Punitive | 5,000 |
| " | Morris | " | Compensatory | 5,000 |

| Plaintiff | Defendant | Claim | Kind of Damages | Amount |
|---|---|---|---|---|
| " | " | " | Punitive | 3,000 |
| " | Andover | " | Compensatory | 18,000 |
| " | " | " | Punitive | 7,500 |
| " | Newton | " | Compensatory | 11,000 |
| " | " | " | Punitive | 7,500 |
| Richard Hild | Bruner | Civil Rights | Compensatory | 5,000 |
| " | " | " | Punitive | 5,000 |
| " | Mills | " | Compensatory | 2,500 |
| " | " | " | Punitive | 5,000 |
| " | Morris | " | Compensatory | 2,500 |
| " | " | " | Punitive | 3,000 |
| " | Andover | " | Compensatory | 7,000 |
| " | " | " | Punitive | 7,500 |
| " | Newton | " | Compensatory | 4,000 |
| " | " | " | Punitive | 7,500 |
| George & Richard Hild | Bruner | False Arrest | Compensatory | 10,000 |
| " | Mills | " | " | 6,000 |
| " | Morris | " | " | 6,000 |

Defendants now move this Court to enter judgments notwithstanding the verdicts and thereby vacate the awards against them or, in the alternative, to order a new trial. Plaintiffs move for attorney's fees, costs and prejudgment interest.

■ At the outset it is necessary to take note of the standards of review on defendants' motions. A judgment notwithstanding the verdict may be granted only when, without weighing the credibility of the evidence, there can be but one reasonable conclusion as to the proper judgment, namely in favor of the movant. *See, e. g., Derr v. Safeway Stores, Inc.,* 404 F.2d 634, 636 (10th Cir. 1968); 5A Moore's Federal Practice ¶ 50.07[2] at 76--77 (2d ed. 1980) (citing cases). In considering the motion the Court is required to "expose the evidence to the strongest light favorable to the party against whom the motion is made and give him the advantage of every fair and reasonable inference." *Fireman's Fund Insurance Co. v. Videfreeze Corp.,* 540 F.2d 1171, 1178 (3d Cir. 1976). To adopt any less stringent a standard would usurp the jury's proper function. Accordingly, such motions are sparingly and cautiously granted. *See, e. g., Lind v. Schenley Industries, Inc.,* 278 F.2d 79, 89–90 (3d Cir. 1960).

■ Motions for a new trial are within the trial court's discretion and should be granted only when the verdict is palpably contrary to the clear weight of the evidence or when a miscarriage of justice has occurred. *See id.* at 89, 91.

The arguments advanced in support of the motions by counsel for the several defendants will be addressed seriatim.

I. *LIABILITY*

A. *Defendants Mills, Morris and Town of Newton*

1. *False Arrest* :

■ Counsel for Mills and Morris argues that the evidence cannot support a finding that these defendants falsely arrested George and Richard Hild because when the police officers arrived on the scene of the struggle between defendant Bruner and plaintiff George Hild, George was committing the indictable offense of resisting arrest. Thus, the argument proceeds, the officers had probable cause to believe that a crime was being committed and therefore the jury cannot reasonably have found that the officers committed the civil wrong of false arrest.

The Court disagrees. One possible inference which the jury well could have drawn from the testimony was that plaintiff George Hild was not actively resisting ar-

rest but was instead attempting only to defend himself against a battery at the hands of defendant Bruner. The fundamental principle of law applicable to all of defendants' arguments seeking judgments notwithstanding the verdicts is that "a jury verdict carries with it the benefit of all reasonable inferences capable of being drawn therefrom, and [a] . . . court is bound to interpret the evidence in the light most favorable to the verdict winner." *Hahn v. Atlantic Richfield Co.*, 625 F.2d 1095 at 1099 (3d Cir. 1980); *accord, Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 696, 82 S.Ct. 1404, 1409, 8 L.Ed.2d 777 (1932); *Kademenos v. Equitable Life Assurance Society*, 513 F.2d 1073, 1074 (3d Cir. 1975); *Thomas v. E. J. Korvette, Inc.*, 476 F.2d 471, 474 (3d Cir. 1973).

2. *Expert Testimony*:

Counsel for Mills, Morris and the Town of Newton asserts that it was error for this Court to permit experts to testify, as against these defendants, concerning injuries to George Hild, when answers to interrogatories and reports of pre-trial medical and psychiatric examinations did not specifically indicate that this evidence would be used against defendants other than Bruner. Essentially, the argument is that these defendants were surprised when experts testified in a manner which exceeded the scope of their pre-trial reports.

■ The Court rejects this argument as meritless. First, the Court is aware of no authority holding that experts' testimony is limited to the precise terms of their pre-trial reports or evaluations, so long as the trial testimony does not contradict the pre-trial reports. Second, the fact that experts' pre-trial reports concerning physical and mental injuries to George Hild did not refer to defendants other than Bruner does not warrant the inference that the experts' testimony would not be used against defendants Mills, Morris and the Town of Newton; as the complaint makes clear, *all* defendants were alleged to have been responsible for plaintiffs' injuries.

3. *Assault & Battery Verdicts*:

■ Defendants Mills and Morris assert that the jury verdicts finding them liable for assault and battery upon plaintiffs were contrary to the weight of the evidence. Again, *Hahn* and its predecessors teach that any fact which the jury could have reasonably inferred from the evidence in favor of the verdict winner must be presumed to have been so inferred by a court reviewing the record. *See Hahn, supra* at 7. The Court's independent review of the evidence compels the conclusion that the jury could reasonably have inferred that Mills and Morris committed assault and battery.

4. *Prejudicial Influences*:

■ Defendants Morris, Mills and the Town of Newton assert that the riots in the City of Miami, Florida, which appear to have resulted from the acquittal of white policemen charged with killing a black man and which occurred during their deliberations, undoubtedly influenced and tainted the verdict. This claim is utterly without a basis in fact and as such is wholly frivolous.

5. *Special Interrogatories*:

■ Town of Newton asserts that one of the special interrogatories submitted to the jury was so worded as to imply to the jury that the Court assumed that the Town was grossly negligent. The Court disagrees that the wording of the interrogatory gives rise to such an implication. In any case, the time to object to the interrogatories was at the time of trial. No such objection was then made.

6. *Municipal Liability*:

■ The principles governing municipal liability in § 1983 cases of course apply to the claims against both the Town of Newton and the Township of Andover. A municipality may be liable under § 1983 *not* on account of the acts of its employees (under a theory of *respondeat superior*), *Monell v. City of New York*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978), but only if (1) the municipality itself either

implements or executes a policy statement, ordinance, regulation or decision officially adopted or promulgated by those responsible for carrying out official policy, or otherwise causes a constitutional deprivation pursuant to an undeclared governmental "custom", *id.* at 690–91, 98 S.Ct. at 2035–2036, or (2) the municipality is grossly negligent in supervising its agents, which negligence results in a constitutional deprivation. *Owens v. Haas,* 601 F.2d 1242, 1246 (2d Cir. 1979); *Hampton v. Holmesberg Prison Officials,* 546 F.2d 1077, 1081–82 (3d Cir. 1976); *Popow v. City of Margate,* 476 F.Supp. 1237, 1245 (D.N.J.1979); *Leite v. City of Providence,* 463 F.Supp. 585, 590–91 (D.R.I.1978).

▇▇▇ The Court is of the opinion that the jury reasonably could have inferred that Newton's failure to conduct some kind of psychological tests of its police officers, at least after 1975 (when, according to expert testimony, such testing became widely accepted), constituted gross negligence. *See generally Owens, supra* at 1246; *Hampton, supra* at 1081–82; *Popow, supra* at 1245; *Leite, supra* at 590–91.

#### B. *Township of Andover*

▇▇▇ Andover moves for a judgment notwithstanding the verdict or, in the alternative, for a new trial, on the grounds that the evidence is insufficient to support a finding of municipal liability. Again, the Court disagrees. The evidence adduced at trial included testimony that Andover officials knew that defendant Bruner had "aggressive tendencies" in the past and testimony that the Andover police commissioner did not know whether police officers underwent psychological testing. The jury reasonably could have inferred that these facts indicated gross negligence so as to support a finding of municipal liability against Andover. *See* discussion in section A.6, *supra.*

▇▇▇ Counsel for Andover also asserts that the jury charge was "long and confusing." This claim merits scant consideration, as this Court conducted a "Rule 51" conference with all counsel concerning its intended jury charge, and no objections were then raised. Accordingly, all objections to the charge are waived. Fed.R.Civ.P. 51; *Hoffman v. Sterling Drug, Inc.,* 485 F.2d 132, 138–39 (3d Cir. 1973).

#### C. *Defendant Britton Bruner*

▇▇▇ Counsel for defendant Bruner makes two arguments: (1) the verdict against Bruner was contrary to the weight of the evidence; and (2) the verdict was based upon "pride, passion, prejudice, sympathy or a mistake." As to the first argument, the jury heard nearly three weeks of testimony from which it reasonably could have inferred that defendant Bruner committed the wrongs of assault and battery, false arrest and invasion of privacy. *See Hahn, supra.* The second argument is rejected as utterly without a basis in fact and meritless.

### II. *DAMAGES*

▇▇▇ All defendants complain that the damages were excessive. With regard to the awards of compensatory damages, the Court is of the opinion that such awards against all defendants were amply supported by the evidence. The fact that the medical expenses of George were relatively small, and those of Richard minimal, does not affect this opinion, for the jury undoubtedly assessed these substantial compensatory awards to remedy deprivations of constitutional rights, *see Bryant v. McGinnis,* 463 F.Supp. 373, 388 (W.D.N.Y.1978), and deprivations of the common law right to be free of false arrest. The amount of damages to be awarded for deprivations of such intangible rights cannot be determined by reference to an objective standard. *See generally id.* To repeat, the Court does not believe that the verdicts awarding compensatory damages are, given the nature of the evidence, so large as to warrant judicial encroachment upon the jury's lawful function.

▇▇▇ The awards of punitive damages stand in a different light. Such awards must be reserved for cases in which the defendant's conduct amounts to "something

more than a bare violation [of plaintiff's civil rights] justifying compensatory damages or injunctive relief." *Cochetti v. Desmond,* 572 F.2d 102, 106 (3d Cir. 1978). The test is whether defendant acted with actual knowledge that he was violating a federally protected right or with reckless disregard of whether he was doing so. *Id.*

Applying this test to the facts of the instant case, the Court is of the opinion that, on the basis of all of the evidence, the jury reasonably could have inferred that defendants Bruner, Mills and Morris either had actual knowledge that they were violating plaintiffs' constitutional rights or, at the very least, acted with reckless disregard of whether they were doing so. However, the Court's review of the record convinces it that there was insufficient evidence to support a finding that the Township of Andover and Town of Newton, through their executive officers, acted either with actual knowledge that they were violating plaintiffs' rights or with reckless disregard of whether they were doing so. The Court is of the opinion that the jury could have inferred gross negligence on the part of the municipalities, but that it would not have been reasonable to infer the sort of willful or reckless acts necessary to justify the awards of punitive damages. Accordingly, these punitive awards against Andover and Newton will be vacated.

To summarize with respect to defendants' motions, the motions for judgments notwithstanding the verdict are denied, except that the awards of punitive damages against Andover and Newton are vacated. The alternative motions for a new trial are denied.

III. *PREJUDGMENT INTEREST, ATTORNEYS FEES AND COSTS*

Plaintiffs' motion for prejudgment interest on their claims is a discretionary matter and is denied.

Plaintiffs' motion for attorney's fees under the Civil Rights Attorneys Fees Award Act, 42 U.S.C. § 1988, is granted subject to the following disallowances. The requests for clerical and related expenses are denied. These expenses must be subsumed under counsel's hourly rate for services. Additionally, since under the statute attorneys fees are awardable only to the prevailing party, plaintiffs' counsel cannot recover fees attributable to his unsuccessful attempt to secure a preliminary injunction. Accordingly, plaintiffs' counsel's request for an attorney's fee of $20,127.75 is reduced by the sum of $4,112.50, which this Court deems attributable to the motion for a preliminary injunction and by the sum of $1,095.50, which this Court regards as clerical expenses. Thus plaintiffs' counsel will be awarded an attorney's fee of $14,919.75 against defendants.

Plaintiffs' counsel has submitted a bill of costs which, in this Court's opinion, includes items which are not permitted under 28 U.S.C. § 1920. The following expenses will be disallowed:

1) Medical reports of Drs. Elder ($40.00) and Coniglio ($50.00).

2) Consultation with James McDermott ($25.00).

3) Investigation expenses—Robert Walsh ($2,673.80).

4) Legal research and services performed by Mary Lynch ($27.50) and Andrew Maneval ($276.45).

5) Police Reference Notebook ($34.50).

The Court will allow as costs $500.00 for Dr. Kuvin's testimony and $200.00 for Dr. Pearlman's testimony. The additional monies sought for the doctors represent the expenses of examinations and medical reports. These are not "costs" within the meaning of 28 U.S.C. § 1920.

Accordingly, the Court will award to plaintiffs costs in the amount of $2,535.84.

Finally, execution of judgment will be stayed pending appeal to the Third Circuit. It shall not be necessary for any defendant to post a bond pending appeal. Fed.R. Civ.P. 62(f); N.J.Ct.R. 2:9–6.

Counsel for plaintiffs shall submit an order which conforms to the dictates of this opinion within seven (7) days of this date.