**Mary Kay KESTER, Plaintiff,**

v.

**George Michael HART, Defendant.**

**Civ. A. No. 80–707.**

United States District Court,
W. D. Pennsylvania.

April 1, 1981.

---

Dennis C. Harrington, Harrington & Schweers, Pittsburgh, Pa., for plaintiff or petitioner.

Richard Federowicz, Weis & Weis, Pittsburgh, Pa., for defendant or respondent.

## MEMORANDUM

MARSH, District Judge.

On June 12, 1978, the plaintiff, Mary Kay Kester, was a passenger in a two-door Pinto automobile driven by the defendant, George Michael Hart. Hart had borrowed the car from a friend. While driving on Route 144 from Renova to Clearfield, the car went off the right side of the two lane black top highway, turned over, and seriously injured the plaintiff.

At the time of the accident, it was raining hard and was foggy. According to the defendant, he was driving uphill on a straight stretch of road at a speed between 25 and 35 miles per hour. Streams of water were coming from the left side of the road. He testified that the car hydroplaned off the road. He said he had a prior experience

of a car hydroplaning on a road in heavy rain. He explained hydroplane viz: a car floats on top of water.[1]

Typical of a passenger, the plaintiff evidently was not paying close attention to the defendant's manner of driving at the time of the accident. She did not testify as to the speed of the car at the time of the accident nor could she specify how the defendant drove the car off the road on the right side. She believed the car travelling uphill went off the road on a left turn. She believed the defendant was travelling too fast to negotiate the turn.

In a special verdict the jury found that the defendant was not negligent.

The plaintiff moved for judgment n. o. v. and for a new trial.

Upon some of the facts submitted by plaintiff, the jury could have presumed negligence on the part of the defendant. However, as part of plaintiff's case, portions of the deposition of the defendant were read into evidence. In those portions the defendant testified that the car hydroplaned on the water on the road and left the roadway.[2] Also, in defense, the defendant testified that the car hydroplaned off the road. Similar to skidding on an icy road, hydroplaning is not negligence unless the defendant's negligence caused the car to hydroplane.

As stated in *Fireman's Fund Ins. Co. v. Videfreeze Corp.*, 540 F.2d 1171, 1178 (3rd Cir. 1976):

"The trial judge in his review of the evidence ... must expose the evidence to the strongest light favorable to the party against whom the motion is made and give him the advantage of every fair and reasonable inference." (Citations omitted.)

The "credibility of the evidence and the weight of it" are outside the perimeter of the court's review.

1. "Hydroplane ... b *of a car*: to go out of control by skimming the surface of a wet road...." Webster's New Collegiate Dictionary, Copyright 1975 by G. & C. Merriam Co.

2. See deposition of George Michael Hart, page 18, lines 6–16; page 19, lines 15–21.

"Moreover, conflicting evidence which could reasonably lead to inconsistent conclusions will not justify a judgment notwithstanding the verdict or a directed verdict. (Citations omitted.) It is the function of the trier of the fact alone, the jury in this instance, to evaluate the contradictory evidence and to draw inferences therefrom." (Citations omitted.)

██ It is our opinion that the facts posed a jury question. The motion for judgment n. o. v. will be denied.

As to the motion for a new trial the plaintiff averred:

"1. That the verdict of the jury was motivated by prejudice and bias and in disregard of the court's instructions on the law and contrary to the facts in the case.

\*     \*     \*     \*     \*     \*

"3. The verdict was contrary to the law as given to the jury by the court."

There is no evidence that the jury was "motivated by prejudice and bias."

In our opinion there was substantial evidence in support of the jury's verdict in favor of the defendant.

Although the court might have come to a different conclusion, trial judges "are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable." *Tennant, Administratrix v. Peoria & Pekin Union Railway Co.*, 321 U.S. 29, 35, 64 S.Ct. 409, 412, 88 L.Ed. 520 (1944); *Reiner v. Bankers Security Corp.*, 305 F.2d 189, 193 (3rd Cir. 1962).

In the federal courts as well as in the Pennsylvania courts "the continuing concern of the courts [is] that in the federal forum the constitutional right to jury trial [should] not be eroded by judicial intrusions upon the province of the jury...." *Rumsey v. Great Atlantic and Pacific Tea Company*, 408 F.2d 89, 91 (3rd Cir. 1969). Cf. *Lind v. Schenley Industries, Inc.*, 278 F.2d 79, 91 (3rd Cir. 1960).

It is our opinion that sufficient probative evidence was submitted by the plaintiff as well as the defendant to support the jury's finding of no negligence on the part of the defendant. In such a case the trial judge should not set the case aside and order a new trial. To do so the court would be substituting its judgment of the facts and credibility of the defendant and the plaintiff for that of the jury and that:

"Such an action effects a denigration of the jury system and to the extent that new trials are granted the judge takes over, if he does not usurp, the prime function of the jury as the trier of the facts."

See also: *Lind v. Schenley Industries, Inc., supra*, p. 90. *Hild v. Bruner*, 496 F.Supp. 93, 97 (D.C.N.J.1980). *Starlings v. Ski Roundtop Corp.*, 493 F.Supp. 507, 508–509 (M.D.Pa.1980).

An appropriate order will be entered.